IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASARCO LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHORE TERMINALS LLC, KINDER MORGAN ENERGY PARTNERS LP, and CELANESE CHEMICAL COMPANY,<br><br>Defendants.<br>_____ / | No. C 11-01384 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this action for contribution and declaratory relief under CERCLA, defendant CNA Holdings (sued as Celanese Chemical Company) moves to dismiss pursuant to Rules 12(b)(6) and 12(b)(7). For the following reasons, defendant's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED AS MOOT**, and defendant's motion to dismiss pursuant to Rule 12(b)(7) is **DENIED**.

## STATEMENT

Plaintiff Asarco LLC, through several corporate predecessors, owned and operated a smelter on the shore of San Pablo Bay in Contra Costa County, California, from approximately 1905 until 1970. After the smelter was closed, several environmental enforcement actions were commenced that resulted in a judgment in 1989 entered by consent of Asarco and two other landowners at the smelter site whereby each party assumed an equal share of the environmental cleanup costs and proceeded to conduct a cleanup effort. Asarco LLC filed a petition for Chapter 11 reorganization in 2005 in the Southern District of Texas. A settlement

1  agreement, whereby Asarco LLC would pay the California Department of Toxic Substances
2  Control approximately $33 million and would pay the two other landowners, C.S. Land, Inc., and
3  the California State Lands Commission, a total of approximately $516,000 to resolve all of its
4  liabilities under CERCLA, was approved in the bankruptcy court and payments were disbursed
5  beginning in December 2009 (Compl. ¶¶ 16–29; McGaw Decl. Exh. B at 5 (Document 6719-2)).[*]

Asarco LLC filed this complaint in March 2011. It alleged five claims for relief:
(1) contribution under 42 U.S.C. 9613(f) from defendants, (2) a declaratory judgment that
defendants are liable for contribution under 42 U.S.C. 9613(f), (3) common law contribution
against all defendants as joint tortfeasors, (4) cost recovery under 42 U.S.C. 9607(a)(4)(B), and
(5) a declaratory judgment that defendants are jointly and severally liable for response costs
incurred under 42 U.S.C. 9607(a)(4)(B). Asarco LLC dismissed its entire complaint as to
defendant NuStar Energy LP and "counts" four and five of its complaint as to all defendants in
May 2011 (Dkt. No. 14).

Defendant CNA Holdings filed the instant motion on the same day Asarco LLC filed its
notice of voluntary dismissal. Plaintiff filed an opposition, and defendant only submitted a reply
after the deadline of June 30. Defendant's motion requests dismissal of claims four and five
pursuant to Rule 12(b)(6) and dismissal of the entire complaint pursuant to Rule 12(b)(7). CNA
Holdings asserts that the instant action cannot proceed unless (1) C.S. Land, (2) CSLC,
(3) Southern Pacific Railroad or its successor-in-interest (which is alleged to have owned a
railroad siding used to operate the smelter), and (4) a corporation named Asarco, Inc., are joined
as defendants, because these defendants are necessary parties and that if they cannot be joined the
action must be dismissed in its entirety.

---

[*] The parties' requests for judicial notice of Docket Nos. 24 Exhs. A–H and 43 Exh. 1, are **GRANTED**. The Court takes judicial notice of the existence and content, but not of the truth of the matters contained within, these court filings or documents created by a government entity. The existence and content of the documents are capable of ready and accurate determination by resort to sources the accuracy of which cannot be reasonably questioned. FRE 201(b); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of court filings in other cases related to matter under consideration).

2

**ANALYSIS**

In light of Asarco's voluntary dismissal, defendant's motion to dismiss claims four and five of the complaint is **DENIED AS MOOT**. This order will consider only defendant's motion to dismiss pursuant to Rule 12(b)(7).

### 1. ELEMENTS OF RULE 12(B)(7) ANALYSIS.

A party making a Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19 bears the burden of demonstrating that dismissal or joinder is appropriate. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). Rule 19 requires that the missing party be both necessary *and* indispensable to the action to grant such a motion. In assessing necessity and indispensability, the court's inquiry should be both fact-specific and practical. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968).

Rule 19(a)(1) contains the "necessary party" test, which itself contains two prongs. Either prong may be met to satisfy Rule 19(a)(1). The first prong states that a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." This prong concerns complete relief only among *current* parties to the action. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). If that prong is not met, a party may still be deemed necessary if the second prong is met. The second prong states that joinder of a party is required if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

If a party is found to be necessary and may be feasibly joined, the inquiry does not end. The party must also pass the "indispensable party" test of Rule 19(b). When a necessary party is absent, the court must decide whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Relevant factors to this equitable determination include: (i) the extent to which a judgment rendered in the party's absence might prejudice that party or the existing parties, (ii) the extent to which any prejudice could be lessened

3

or avoided, (iii) whether a judgment rendered in the person's absence would be adequate, and (iv) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Defendant CNA Holdings argues that C.S. Land, CSLC, Southern Pacific Railroad, and Asarco, Inc., must be joined as necessary parties.

### 2. POTENTIALLY RESPONSIBLE PARTIES FROM WHOM CONTRIBUTION MAY BE SOUGHT UNDER CERCLA.

Under 42 U.S.C. 9613(f)(1), "any person may seek contribution from any other person who is liable or potentially liable under [Section] 9607(a) of this title." Section 9607(a) defines a potentially responsible party (PRP) as:

> (1)   the owner and operator of a vessel or a facility,
>
> (2)   any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3)   any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, [or]
>
> (4)   any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person.

Section 9607(a) creates joint and several liability among the PRPs. *California v. Montrose Chem. Corp. of Cal.*, 104 F.3d 1507, 1518 n.9 (9th Cir. 1997). In addition to providing for such suits for contribution, Section 9613(f) states that "(2) [a] person who has resolved its liability . . . in an administratively or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement."

With respect to parties that are *not* party to such a settlement, Section 9613(f)(3)(B) provides:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2).

In other words, any PRP who has settled with a state for a response action can seek contribution

4

from any other PRP *not* party to the settlement on the basis of several (but not joint and several) liability. *See Pinal Creek Grp. v. Newmont Mining Corp.*, 118 F.3d 1298, 1303 (9th Cir. 1997), *overruled on other grounds*, *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157 (2004). Furthermore, a PRP can seek contribution from other PRPs only if it has been subject to a CERCLA action under Section 9606 or 9607(a). *See Cooper Indus.*, 543 U.S. at 166–67.

Finally, when a PRP is not before the court in a contribution action because it is either insolvent or cannot be identified, its share is called an "orphan share" of the costs borne by the plaintiff. Orphan shares are distributed equitably among all parties to the action, even if doing so increases a party's share *beyond* its otherwise equitable share of the plaintiff's prior payments. *Pinal*, 118 F.3d at 1303.

This action seeks contribution for plaintiff's $33 million settlement with DTSC, C.S. Land, and CSLC that became effective December 2009. The only present party to that settlement is Asarco LLC.

**3.    NECESSITY OF PARTIES NAMED IN DEFENDANT'S MOTION.**

Defendant alleges that four other PRPs must be named as defendants for this action to proceed: (1) C.S. Land, an alleged present part owner of the smelter site, (2) CSLC, another alleged present part owner of the smelter site, (3) Southern Pacific Railroad or its successors, the alleged owner of a railway used to operate the smelter, and (4) a company named Asarco, Incorporated, which defendant alleges is a different company than plaintiff Asarco LLC. Asarco, Inc., will be addressed separately.

**A.    C.S. Land, CSLC, and Southern Pacific Railroad.**

C.S. Land, CSLC, and Southern Pacific are potentially PRPs under Section 9607 because they are alleged current or past owners of the smelter site subject to remediation. Under the settlement agreement and consistent with Section 9613(f)(2), reviewed above, plaintiff is protected against future contribution actions (McGaw Decl. Exh. B at 6719-2 ¶ 18). Accordingly, neither C.S. Land, CSLC, Southern Pacific, nor any other party, can bring a contribution claim under Section 9613(f) against Asarco LLC with respect to the events covered by the settlement. C.S. Land, CSLC, and Southern Pacific do not currently assert an interest in this action.

5

This action is for contribution with respect to the settlement *only*. C.S. Land, CSLC, and Southern Pacific are not needed here to adjudicate the *current* defendants' equitable contribution to plaintiff's settlement. Any orphan shares can be equitably allocated among the parties, including plaintiff. CNA Holdings may move for joinder of the proposed defendants under Rule 14, but it need not do so. *See Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1986) (joinder under Rule 14 is feasible if the parties to be joined are allegedly jointly liable with the current defendants). CNA Holdings may also attempt to propound discovery requests on non-parties in order to prove its equitable share of Asarco LLC's settlement.

CNA Holdings has not carried its burden of showing that C.S. Land, CSLC, or Southern Pacific are necessary parties to this action. This order therefore need not consider whether they may be feasibly joined, or whether they are indispensable parties.

### B. Asarco, Incorporated.

Asarco, Inc., not to be confused with plaintiff Asarco LLC, allegedly operated the smelter for a lengthy period of time, making it a potential PRP. The record does not show, however, that Asarco, Inc., still exists, as opposed to having been wound up in a series of mergers and acquisitions as plaintiff Asarco LLC asserts. CNA Holdings' late reply submission, which attempts to remedy the holes in its proof, is **STRICKEN** as untimely.

CNA Holdings has therefore not met its burden to show that Asarco, Inc., is both an existing and necessary party.

\*          \*          \*

CNA Holdings claims that it would be inequitable to allocate shares of Asarco LLC's settlement to the parties to this action in the absence of Asarco, Inc., C.S. Land, CSLC, and Southern Pacific, because there is a chance that CNA Holdings' equitable share may end up larger than if those parties were present in the action. True, but irrelevant here. The fact that orphan shares may be distributed at the trial stage does not lessen a defendant's obligation to show that a non-party is necessary and indispensable *on a Rule 12(b)(7) motion*. That is the motion we have here, and CNA Holdings has not met its burden on *that* standard.

In a related contention, CNA Holdings asserts that it would be forever foreclosed from pursuing a contribution action against Asarco, Inc., C.S. Land, CSLC, and Southern Pacific if they are not joined in this action, because it was never sued under Section 9606 or 9607(a). Also true, but also irrelevant. CNA Holdings' assertion of unfairness on this point tracks the operation and limitations of the CERCLA contribution provisions themselves, as reviewed above. Those limitations were set by Congress. Moreover, they do not change the Rule 19 standard at issue here. CNA Holdings may file a Rule 14 motion to alleviate their asserted unfairness, but that does not change the outcome on this motion.

## CONCLUSION

Defendant CNA Holdings has not carried its burden of showing that Asarco, Inc., C.S. Lands, CSLC, and Southern Pacific are necessary or indispensable parties to this action. For the foregoing reasons, defendant's motion is **DENIED**. The motion hearing on July 14 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 7, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

7