United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASARCO LLC,

    Plaintiff,

  v.

SHORE TERMINALS LLC, KINDER MORGAN ENERGY PARTNERS LP, and CELANESE CHEMICAL COMPANY,

    Defendants.

No. C 11-01384 WHA

**ORDER REGARDING DEFENDANT CNA HOLDINGS' LETTER**

On May 27, 2011, defendant CNA Holdings (sued as Celanese Chemical Company) moved to dismiss the complaint in this matter under FRCP 12(b)(6) and 12(b)(7), and noticed a hearing for July 14. The Civil Local Rules that were in effect at that time set the following deadlines: plaintiff's opposition was due on June 23 and defendant's reply was due on June 30. The opposition was timely filed. The reply was not — it was filed on July 5.

An order denied the motion to dismiss on July 7. It noted that "defendant only submitted a reply after the deadline of June 30" and stated that "CNA Holdings' late reply submission . . . is **STRICKEN** as untimely."

On July 8 counsel for CNA Holdings filed a letter that reveals the following: On June 13 a Clerk's Notice was filed by the Court's Deputy Clerk that rescheduled the motion hearing time from 8:00 a.m. to 2:00 p.m. *on the same day* (July 14). *The Clerk's Notice did not change any filing deadlines.* Due to a recent change in docketing procedures, when the Clerk's Notice was filed the electronic case filing system inadvertently docketed the following message: "Replies due

by 7/5/2011." Again, the reply deadline was not changed in any filing by the Court, but rather by the ECF system reflected only on the docket. Given that the hearing date had not been moved it would not make sense for the deadline for the reply brief to have moved. The Court was unaware that the docket reflected an error because it had not made any changes to the deadline.

Defense counsel, however, state that their reply "was filed on July 5 pursuant to the notice we [] received." They therefore request that this order "reverse [the] order striking [the] Reply and reconsider [the] ruling after consideration of [the] Reply."

The docketing discrepancy that resulted from the change in docketing procedures was unfortunate and the Court apologizes for the consequent misunderstanding. After review of defendant's reply brief, however, the contents thereof do not change the outcome or reasoning of the order denying the motion. Therefore, counsel's request for reconsideration of the ruling therein is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE