IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASARCO LLC, a Delaware corporation,

    Plaintiff,

v.

SHORE TERMINALS LLC, a Delaware corporation; KINDER MORGAN ENERGY PARTNERS LP, a Delaware limited partnership; CELANESE CHEMICAL COMPANY, a Delaware corporation; UNION PACIFIC RAILROAD COMPANY, a Utah corporation; and Does 1–50, inclusive,

    Defendants.

    /

No. C 11-01384 WHA

**ORDER GRANTING DEFENDANT UNION PACIFIC'S MOTION TO DISMISS AND VACATING HEARING**

### INTRODUCTION

In this contribution action under the Comprehensive Environmental Response, Compensation, and Liability Act, defendant Union Pacific Railroad Company has moved to dismiss for failure to state a claim. For the following reasons, defendant's motion is **GRANTED**.

### STATEMENT

Plaintiff Asarco LLC is the owner of the Selby Site, approximately 66 acres of upland and former tideland in Contra Costa County bordered by San Pablo Bay to the north and by a Union Pacific Railroad line to the south. The site was originally the location of a the Selby Smelting and Lead Company, which was built in 1884. In 1905, one of plaintiff's corporate predecessors gained control of operations at the site and continued operations through 1970.

After operations ceased in 1970, Virginia Chemicals leased a portion of the site and installed and operated a sulfur dioxide facility from 1971 to 1976. The plant heavily used sulfuric acid and spills of acid occurred as well as escape of fugitive sulfuric dioxide gas. Virginia Chemicals was succeeded in interest by defendant Celanese Chemical Company. In 1977, Wickland Oil Company purchased a portion of the site and constructed a petroleum products transfer facility, which was completed in 1982. C.S. Land, Inc., a subsidiary of ConocoPhillips, acquired the property in 2000 and assumed Wickland's cleanup liabilities (First Amd. Compl. ¶¶ 11–14).

The site has been the subject of various environmental investigations — including remediation and enforcement actions under CERCLA — since 1976, when a Cleanup and Abatement Order was issued by the Regional Water Quality Control Board. Pursuant to a Consent Judgment dated March 1989, plaintiff, Wickland, and the California State Lands Commission agreed to a phased remediation of the site, with each party assuming one-third of the responsibility. Remediation work proceeded, and numerous hazardous substances were detected (*id.* at ¶¶ 18–20).

In 2005, plaintiff filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Southern District of Texas. In 2008, plaintiff filed a motion for approval of a settlement pursuant to CERCLA whereby plaintiff would pay environmental regulators over $33 million to resolve its CERCLA liabilities at the site. This settlement was approved and was to be funded upon court approval of a plan of reorganization. In 2009, plaintiff's plan for reorganization became effective, and funds for the environmental settlement were distributed (*id.* at ¶¶ 21–22, 24).

Plaintiff commenced the present action in March 2011, seeking contribution under CERCLA from defendants as potentially responsible parties liable for their equitable share of overpayment by plaintiff. Defendant Union Pacific was not originally a party to the present action. In September 2011, plaintiff filed a first amended complaint that added Union Pacific as a defendant (Dkt. No. 60). Plaintiff's first amended complaint states three claims for relief: (1) contribution under Section 113(f) of CERCLA; (2) declaratory judgment; and (3) common

2

law contribution. Defendant Union Pacific now moves to dismiss for failure to state a claim. This order follows full briefing.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that a defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

### 1. CONTRIBUTION UNDER SECTION 113(f) OF CERCLA.

The purpose of CERCLA is to promote the "timely cleanup of hazardous waste sites" and to "ensure that the costs of such cleanup efforts [are] borne by those responsible for the contamination." *Burlington Northern and Santa Fe Ry. Co. v. United States*, 556 U.S. 559, 129 S.Ct. 1870, 1874 (2009). In order to achieve this goal, CERCLA allows those who settle with the government to then seek contribution from other potentially responsible parties who are jointly responsible for the creation of the hazardous waste site.

Under Section 113(f) of CERCLA, a liable party can seek contribution from any other liable party, and the court allocates response costs "among liable parties using such equitable factors as the court determines are appropriate." Section 107(a) of CERCLA defines liable parties as owners and operators of facilities, and any person who arranged for or "accepted any hazardous substances for transport to disposal or treatment facilities."

Plaintiff fails to allege any facts that explain why defendant is liable for a portion of the site cleanup. The *only* facts plaintiff alleges are that defendant "has owned or operated manufacturing, storage, transport, and/or related operation of or for hazardous substances

3

1  through facilities in or near the Selby Site," and that defendant "has owned or operated and
2  continues to own and operate a facility at or adjacent to the Site from which known releases of
3  hazardous substances have migrated to the Site" (First Amd. Compl. ¶¶ 8, 17).
4      Plaintiff fails to explain *how* defendant came to be involved in this contribution action
5  other than noting that the Union Pacific Railroad line is the southern boundary of the site.
6  Plaintiff fails to explain whether or not defendant transported hazardous chemicals to the site,
7  or otherwise how defendant is responsible for hazardous substances migrating to the site.
8      Plaintiff's complaint is comprised of vague and conclusory statements lifted from
9  the CERCLA statutes and fails to state a plausible claim for contribution under Section 113(f).
10 Accordingly, defendant's motion to dismiss this claim is **GRANTED**.

### 2. DECLARATORY JUDGMENT.

12 Plaintiff also seeks a declaratory judgment holding defendant liable under Section 113(f)
13 of CERCLA. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within
14 its jurisdiction" a court "may declare the rights and other legal relations of any interested party
15 seeking such declaration." 28 U.S.C. 2201(a). Plaintiff, however, has failed to sufficiently plead
16 a controversy between the parties, so the declaratory judgment claim must fail. *Am. States Ins.*
17 *Co. v. Kearns*, 15 F.3d 142, 143–44 (9th Cir. 1994). Defendant's motion to dismiss this claim
18 is **GRANTED**.

### 3. COMMON LAW CONTRIBUTION.

20 Plaintiff also fails to state a plausible claim for common law contribution.
21 Under California law, "a party to a joint, or joint and several obligation, who satisfies
22 more than his share of the claim against all, may require a proportionate contribution from
23 all the parties joined with him." Cal. Civ. Code § 1432. Plaintiff alleges that "[e]ach of the
24 Defendants is liable in tort for any harm to the Selby Smelter Site that occurred in connection
25 with its operations in or near the Selby Smelter Site" (First Amd. Compl. ¶ 44). Plaintiff's vague
26 and conclusory allegations offer no explanation of *how* this particular defendant is liable for the
27 cleanup or what actions defendant took that made it jointly liable. Defendant's motion to
28 dismiss this claim is therefore **GRANTED**.

4

### 4. **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE.**

Defendant requests that judicial notice be taken of three items: (1) a fact sheet from the California Department of Toxic Substances Control entitled "Community Update On Activities at the Selby Slag Site;" (2) a motion for approval of plaintiff's bankruptcy settlement entitled "Motion for Order Approving Compromise and Settlement between Asarco LLC and Various Governmental and Private Parties regarding the Selby Smelter Site;" and (3) a document submitted by plaintiff in support of its motion for bankruptcy settlement entitled "The Proffer of Donald Robbins in Support of Debtor's Settlement with respect to the Selby Smelter Site." Because this order need not rely on these documents, defendant's request for judicial notice is **DENIED AS MOOT**.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for failure to state a claim is **GRANTED**. Plaintiff may seek leave to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Plaintiff must append to its motion a proposed amended complaint that clearly explains how the amendments cure the defects identified herein. Defendant's request for judicial notice is **DENIED AS MOOT**. The hearing scheduled for December 15 is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 13, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5