IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASARCO LLC, | |
| Plaintiff, | No. C 11-01384 WHA |
| v. | |
| SHORE TERMINALS LLC; KINDER MORGAN ENERGY PARTNERS LP; CELANESE CHEMICAL COMPANY; UNION PACIFIC RAILROAD COMPANY; and DOES 1–50, inclusive, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING** |
| Defendants. | |

### INTRODUCTION

In this CERCLA contribution action, plaintiff moves for leave to file a second amended complaint. For the following reasons, plaintiff's motion is **GRANTED**.

### STATEMENT

The Selby Site consists of 66 acres of upland and former tideland in Contra Costa County. The site is bordered by the San Pablo Bay to the north and by a Union Pacific Railroad line to the south. In 1884, the Selby Smelting and Lead Company built a silver and lead smelter at the site which began operations in 1886. In 1905, a predecessor of plaintiff Asarco LLC gained control of operations at the site and continued operations through 1970. After those operations ceased, Virginia Chemicals acquired a leasehold on a portion of the site and installed and operated a sulfur dioxide facility from 1971 to 1976. The plant used sulfuric acid, and

1 caused spills of acid and the escape of fugitive sulfuric dioxide gas. Next came defendant
2 Celanese Chemical Company, which acquired Virginia Chemical's leasehold. In 1977,
3 Wickland Oil Company purchased a portion of the site and constructed a petroleum products
4 transfer facility, completed in 1982. C.S. Land, Inc., a subsidiary of ConocoPhillips, Inc.,
5 acquired the property owned by Wickland in 2000, and assumed Wickland's cleanup liabilities
6 (Second Amd. Compl. ¶¶ 12–15).

7 The 66-acre site has been the subject of various environmental investigations —
8 including remediation and enforcement actions under CERCLA — since 1976, when a
9 cleanup-and-abatement order was issued by the Regional Water Quality Control Board.
10 Asarco has assumed liability for its historic smelting operations at the site. Pursuant to a consent
11 judgment dated March 1989, Asarco, Wickland, and the California State Lands Commission
12 agreed to a phased remediation of the Selby Site, with each party assuming one third of the
13 responsibility. Remediation work proceeded, and numerous hazardous substances were detected
14 (*id*. at ¶¶ 19–21).

15 In 2005, plaintiff filed a voluntary petition for relief under bankruptcy chapter 11.
16 In 2008, plaintiff filed a motion for approval of a settlement whereby plaintiff would pay
17 environmental regulators over $33 million to resolve its CERCLA liabilities at the site.
18 The settlement was approved and was to be funded after court approval of a plan of
19 reorganization. In 2009, plaintiff's plan for reorganization became effective, and funds for
20 the environmental settlement were distributed (*id*. at ¶¶ 22–23, 25).

21 Plaintiff commenced the present action in March 2011, seeking contribution under
22 CERCLA from defendants as potentially responsible parties liable for their equitable share
23 of overpayment by plaintiff. In September 2011, plaintiff filed a first amended complaint that
24 added Union Pacific Railroad as a defendant. Plaintiff's first amended complaint stated three
25 claims for relief: (1) contribution under Section 113(f) of CERCLA; (2) declaratory judgment;
26 and (3) common law contribution. Defendant Union Pacific Railroad moved to dismiss pursuant
27 to Rule 12(b)(6) and the motion was granted with leave to amend. The order held that all three
28 of plaintiff's claims failed to allege facts sufficient to support a plausible claim.

2

1  Plaintiff has abandoned its second and third claims and is only seeking leave to amend its
2  CERCLA contribution claim. In doing so, plaintiff seeks to remedy the deficiencies in its claim
3  against defendant Union Pacific Railroad and to name Union Pacific Corporation, defendant
4  Union Pacific Railroad's holding company, as a defendant. Defendants have opposed this
5  motion, arguing that granting leave to amend would be futile and that adding Union Pacific
6  Corporation as a defendant is inappropriate.

## ANALYSIS

Rule 15(a) generally requires that leave to amend be given freely absent a showing of futility of the amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962). "A motion for leave to amend may be denied if it appears to be futile or legally insufficient . . . [The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50. A "formulaic recitation of a cause of action's elements" is not enough. *Twombly*, 550 U.S. at 555.

### 1. GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT WOULD NOT BE FUTILE.

CERCLA allows a party who has incurred cleanup costs to seek contribution from any other person who is liable or potentially liable for the creation of a hazardous waste site, and "the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. 9613. "To prevail in a private cost recovery action, a plaintiff must establish that . . . the defendant is within one of four classes of persons subject to the liability provisions of Section 107(a)." *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d

3

863, 870–71 (9th Cir. 2001) (internal citations omitted). For defendants to be liable they must be: (1) a current owner and operator of a facility where hazardous substances were released; (2) a past owner or operator who owned or operated the facility at the time of disposal; (3) a transporter of hazardous substances; or (4) a person who arranged for disposal or treatment at any facility containing such substances. 42 U.S.C. 9607(a).

The order granting dismissal of plaintiff's first amended complaint stated that plaintiff's CERCLA contribution claim "fail[ed] to allege any facts that explain *why* defendant is liable for a portion of the site cleanup . . . [and] *how* defendant came to be involved in this contribution action other than noting that the Union Pacific Railroad line is the southern boundary of the site." Plaintiff's complaint was comprised of "vague and conclusory statements lifted from the CERCLA statutes . . ." (Dkt. No. 84 at 3–4).

Plaintiff's second amended complaint remedies these deficiencies. Specifically, plaintiff has plead facts particularity sufficient to support an inference that defendants fall into one of the four categories of potentially responsible parties under Section 9607(a).

**A.    Current Owners and Operators of a Facility Where Hazardous Substances Were Released.**

A contribution action may be brought against "present owners and operators of a hazardous waste facility." *Long Beach Unified School Dist. v. Dorothy B. Godwin California Living Trust*, 32 F.3d 1364, 1367 (9th Cir. 1994). Unlike Section 9607(a)(2), recovery from a present owner of a facility is not conditioned upon the owner's disposal of a hazardous substance. *California v. Blech*, 976 F.2d 525, 526–27 (9th Cir. 1992). "[T]he owner of the property at the time cleanup costs are incurred is the current owner for purposes of determining CERCLA liability." *California Dept. of Toxic Substances Control v. Hearthside Residential Corp.*, 613 F.3d 910, 911 (9th Cir. 2010).

Plaintiff alleges in its complaint that defendants Union Pacific Railroad and Union Pacific Corporation currently operate a Rail Transfer Area where multiple known methyl tertiary butyl ether ("MTBE") releases have occurred and subsequently made their way to the Selby Site (Second Amd. Compl. ¶ 18). Defendants do not contest that the Rail Transfer Area is a facility, that they currently conduct operations there, and that hazardous substances, specifically MTBE,

4

have been released there. Thus, plaintiff has met its burden in alleging that defendants are potentially responsible parties as operators of a hazardous waste facility.

Defendants argue that, regardless of their status as potentially responsible parties, plaintiff's claim fails because it is premised on a theory of passive migration (Opp. at 5–6). Defendants rely on *Carson Harbor Village* to claim that passive migration can never be a theory of recovery (*ibid*.). Passive migration is the passive movement of contamination that does not result from human conduct. *Carson Harbor Vill., Ltd. v. Unocal, Corp.*, 270 F.3d 863, 877 (9th Cir. 2006). Yet, in that descision, the issue before our court of appeals was whether the defendants could be liable as past owners of a facility under Section 9607(a)(2), not Section 9607(a)(1). In holding that a theory of passive migration could not support a claim, the court noted the requirement that a person had to be an owner "at the time of *disposal*." *Id*. at 874–75 (emphasis added). The issue there was whether passive migration qualified as a "disposal" for the purposes of liability under Section 9607(a)(2). That is not the case here inasmuch as plaintiff seeks contribution from defendants as potentially responsible parties under Section 9607(a)(1) which creates potential liability for releases, not disposals. *Blech*, 976 F.2d at 526–27. "Passive migration of hazardous substances into the environment from where hazardous substances have come to be located is a *release* under CERCLA." *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1076 (9th Cir. 2006) (emphasis added).

Defendants also argue that plaintiff is barred from recovery in a contribution action because plaintiff has only paid to remediate "its CERCLA-related liability" and therefore, defendants are not potentially responsible parties, as the settlement was limited to Asarco's individual liability (Opp. at 3–5). By harping on the word "its," defendants glide over plaintiff's multiple assertions that it paid more than its fair share when it entered into the CERCLA settlement. For example, plaintiff's second amended complaint alleges:

> (1) the "settlement included costs to clean up and control contamination . . . [that only could have] come from Defendants' facilities;"
>
> (2) the "Settlement funds a clean up at the Selby Site . . . [for] hazardous wastes that have been contributed to the Site by all defendants;"

5

    (3) the amount paid was "more than Plaintiff's allocable share of costs."

(Second Amd. Compl. ¶¶ 1, 26, 38). Based on these allegations, it is clear that plaintiff is seeking contribution for liability it attributes to other defendants.

    **A. Plaintiff's Failure to Allege Liability Under Sections 9607(a)(2)–(4) is Immaterial.**

Finally, defendants argue that plaintiff has failed to show defendants are liable parties under Sections 9607(a)(2)–(4) (Opp. at 8–10). Because plaintiff only needs to show that a "defendant is within *one* of four classes of persons subject to the liability provisions of Section 107(a)," this order need not consider defendants other arguments. *Carson Harbor Vill., Ltd.*, 270 F.3d at 870–71 (emphasis added). Accordingly, plaintiff's motion for leave to file a second amended complaint against Union Pacific Railroad and Union Pacific Corporation as potentially responsible parties under Section 9607(a)(1) is **GRANTED**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is **GRANTED**. This order, of course, in no way holds that any defendant *is* in fact liable. It only holds that the pleading is adequate. Defendants must answer within **TWENTY CALENDAR DAYS**, their answer being due **BY NOON ON MARCH 1, 2012**. The hearing scheduled for February 23, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: February 10, 2012.

                   WILLIAM ALSUP
                   UNITED STATES DISTRICT JUDGE